UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK KELLETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No.   4:10-CV-120 CAS |
| v. ) | |
| ) | |
| WOFFORD BROS. SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for entry of default judgment against defendants Pace Mechanical, Inc. and Wofford Bros. Services, and for attorneys' fees and costs. Plaintiffs' motion is accompanied by affidavits and exhibits. For the following reasons, the Court will grant plaintiffs default judgment in the amount of $96,921.19, and award attorneys' fees and costs in the amount of $1,730.25.

**I.   Background**

Plaintiffs filed this action on January 25, 2010, to recover from defendant Wofford Bros. Services, Inc., delinquent fringe benefit contributions, dues payments, liquidated damages, and interest owed to the plaintiffs' benefits funds pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1132(g)(2) ("ERISA") and the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). On July 20, 2010, plaintiffs amended their complaint to add Pace Mechanical, Inc. as a defendant under the theory that Pace Mechanical, Inc. is an alter ego of Wofford Bros. Services,

1

Inc.[1] Defendants have not appeared, and plaintiffs move for default judgment submitting in support of their motion the affidavits of Daniel Murphy and Greg A. Campbell.

**II.     Discussion**

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default

---

[1] In a Memorandum and Opinion dated July 2, 2010, United States Magistrate Judge Mary Ann L. Medler ruled Pace Mechanical, Inc. was an alter ego of Wofford Bros. Services, Inc. See Kellet v. Wofford Bros. Servs., Inc., No. 4:08-CV-22 (E.D. Mo. filed July 2, 2010).

as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

Here, the Court takes the allegations plaintiffs made in their amended complaint as true, except for those allegations as to the amount of damages, and finds plaintiffs are entitled to default judgment under ERISA and the LMRA. Taylor, 859 F.2d at 1333. n.7 ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal quotes and quoted authority omitted).

### III. Damages and Fees

As for damages, plaintiffs seek $70,812.84 for delinquent contributions, $4,160.00 in liquidated damages, $6,720.99 in union dues owed, and $15,227.36 in interest. Plaintiffs also seek $1,730.25 in attorneys' fees and costs. Plaintiffs filed affidavits in support of their damages and fee requests, as well as exhibits.

The Court finds that the affidavits and exhibits support that defendants owes $70,812.84 in delinquent fringe benefit contributions for the period of April 2008 through October 2009 and $6,720.99 in dues owed. To date, these amounts have not been paid by defendants. Plaintiffs' computed interest and liquidated damages on these contributions total $15,227.36 in interest and $4,160.00 in liquidated damages, which are allowed under the collective bargaining agreement.

The collective bargaining agreement and ERISA, 29 U.S.C. § 1132(g)(2), also require delinquent employers to pay plaintiffs' attorneys' fees and costs. Plaintiffs incurred $1,037.00 in legal fees and $691.25 in costs, for a total of $1,730.25. Based on the evidence presented, the Court finds that the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED.** [Doc. 22].

**IT IS FURTHER ORDERED** that judgment by default is entered in favor of plaintiffs and against Pace Mechanical, Inc. and Wofford Bros. Services, Inc. in the amount of Seventy Thousand Eight Hundred Twelve Dollars and Eighty-Four Cents ($70,812.84) for delinquent contributions, Four Thousand One Hundred Sixty Dollars ($4,160.00) in liquidated damages, Six Thousand Seven Hundred Twenty Dollars and Ninety-Nine Cents ($6,720.99) in union dues owed, Fifteen Thousand Two Hundred Twenty-Seven Dollars and Thirty-Six Cents ($15,227.36) in interest, and One Thousand Seven Hundred Thirty Dollars and Twenty-Five Cents ($1,730.25) in attorneys' fees and costs, for a total amount of Ninety-Eight Thousand Six Hundred Fifty-One Dollars and Forty-Four Cents ($98,651.44).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of April, 2011.